UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBIN SMITH, )<br>)<br>Defendant. ) | Case No. 3:22-CR-00078<br>Judge Richardson |

### FORFEITURE ORDER

Based on the Defendant's consent, the pleadings in this matter and the stipulated facts of the case, the Court finds as follows:

The Defendant was charged at Count One of the Information with a violation of Title 18, United States Code, Sections 1343 and 1346.

The Forfeiture Allegation of the Information gave notice that upon conviction of Count One, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2641, the Defendant would be liable to forfeit to the United States property, real or personal, which constitutes or is derived from proceeds traceable to the offense as the result of a violation of Title 18, United States Code, Sections 1343 and 1346, including a money judgment representing the value of the proceeds of the offense as to Count One.

The Forfeiture Allegation of the Information also gave notice to the Defendant that the United States shall be entitled to forfeiture of substitute assets of the Defendant up to the value of the money judgment.

The Defendant consents to the entry of the requested money judgment and has acknowledged that the proceeds of her offense are $28,263.26 United States currency as to Count One.

There is, therefore, a preponderance of evidence that the value of the proceeds of the offense is $28,263.26 United States currency as to Count One.

It is, therefore, ORDERED that:

    A.    A Consent Order of Forfeiture Consisting of a $28,263.26 United States currency Money Judgment as to Count One is hereby entered against the Defendant. At sentencing, this Order shall become final and shall be included in the Court's Judgment.

    B.    The United States may take written discovery in accordance with the Federal Rules of Civil Procedure. If the United States believes that the taking of depositions will facilitate its identification of substitute assets or the disposition of any petitions for remission, mitigation or restoration, it may apply to the court for permission to take such depositions, in accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 15, or alternatively, obtain the Defendant's consent.

    C.    The United States may engage in discovery without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission, mitigation or restoration.

    D.    The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

    E.    Any financial statement submitted in this matter for a *pro bono* attorney by the Defendant is hereby released to the Asset Forfeiture Unit of the United States Attorney's Office.

F. The Defendant shall provide her tax returns from the years beginning 2020 through the pendency of the payment of the full amount of forfeiture, for use in discovery to the Asset Forfeiture Unit of the United States Attorney's Office.

G. The IRS shall release any of the Defendant's tax returns — to the Asset Forfeiture Unit of the United States Attorney's Office — for the years beginning 2020 through the pendency of the payment of the full amount of forfeiture.

H. The Defendant shall remain personally liable upon the money judgments entered herein until payment is made in full.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 28th day of July 2025.

*Eli Richardson*
ELI RICHARDSON
United States District Court Judge